In the Matter of the Petition of THE BUFFALO AND LOCKPORT RAILWAY COMPANY, Respondent, for the Appointment of Commissioners to Settle the Points and Manner of Crossing the Tracks of THE NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY, Appellant, and the BUFFALO & NIAGARA FALLS RAILROAD COMPANY.

*Commissioners to ascertain points of intersection of railroads — form of petition for appointment of — subd. 6 of § 28 of chapt. 140 of 1850.*

Subdivision 6 of section 28 of chapter 140 of 1850, provides that where two companies cannot agree as to the points of intersection of their roads, and the compensation to be made therefor, the same shall be ascertained and determined by commissioners "to be appointed by the court, as is provided in this act in respect to acquiring title to real estate."

*Held,* that the latter clause simply referred to the manner of appointment, and the practice of the court in such cases, and that it was not necessary to state in the petition the matters required to be stated for the purpose of acquiring title to real estate.

Appeal by the New York Central and Hudson River Railroad Company from an order appointing commissioners made at the Erie Special Term.

*Albert P. Laning,* for the appellant.

*S. F. & G. W. Bowen* and *E. C. Sprague,* for the respondent.

Noxon, J. :

The Lockport and Buffalo Railway Company presented a petition at a Special Term of the Supreme Court, held at Buffalo in the county of Erie, on March 28, 1878, for the appointment of three disinterested persons residing in the county of Niagara, or in some adjoining county, as commissioners to appraise and ascertain the compensation to be made to the New York Central & Hudson River Railroad Company for the damage occasioned to said corporation by the crossing and intersecting of the lands and tracks of said company, by the tracks and railway of the petitioner

for that purpose, said lands to be used in common by said railroad companies for their respective purposes, and to ascertain and determine the points and manner of crossing and intersection, and to fix the time and place of the first meeting of the commissioners in pursuance of the statutes.

The above petition was presented in pursuance of the provisions of section 15 and subdivision 6 of section 28 of the act authorizing the formation of railroad companies, and to regulate the same, consisting of chapter 140 of the Laws of 1850, with the amendments thereto. The petition stated all that was requisite to obtain the appointment of commissioners for the purpose named; the rights of the parties had already been fixed and determined by the statute in relation to the crossing and intersection, and the duty of the railroad to be intersected to unite with the railroad desiring to cross in forming the intersection and connection, and to grant the facilities of crossing. It appeared, from the petition, that the two corporations could not agree upon the amount of compensation to be made therefor, or upon the points and manner of such crossings and connections, and in such case commissioners are to be appointed by the court for that purpose, to ascertain and determine the same, as provided in the act in respect to the acquiring title to real estate, and this provision simply refers to the manner of appointment and the practice of the court in such cases. It was not necessary to state in the petition the matters required to be stated for the purpose of acquiring title to real estate; all questions of jurisdiction and regularity are settled before the proceeding in question is had under the other provisions of the statute.

The answer interposed, and set up in opposition to the motion, in no way constituted a denial of the facts set up in the petition, and such answer constituted no defense to the motion. The petitioners were bound to show in the petition that they were a corporation formed under said act; that they desired to cross or intersect the railroad and grounds of the appellant, and that the corporations could not agree upon the compensation to be made therefor or the points and manner of crossing. The facts of such a petition, undenied as it was upon the motion, entitled the petitioners to an order for the appointment of commissioners. The

order appointing commissioners should be affirmed, with $10 costs and disbursements.

Present — SMITH and NOXON, JJ., TALCOTT, P. J., not sitting.

Order of Special Term affirmed, with $10 costs and disbursements.